## SHUCK *v.* WIGHT.

A usurious contract, under the statute of Iowa, is not void.

A note, payable two years after date, to bear interest at fifty per centum after due, until paid, is not usurious.

ERROR, *to Louisa District Court ;* under the territorial organization of the courts.

David Rorer, for the plaintiff in error.

F. Springer, for the defendant.

*Opinion by* WILLIAMS, C. J.   Alpheus Wight, complainant, filed his bill in the district court of Louisa county.   The bill states that the respondent, Shuck, executed and delivered his promissory note to the complainant, or bearer, for value received; which note was for the sum of three hundred dollars, payable two years after date, and to bear interest at the rate of fifty per centum per annum, if not paid at maturity.   That, to secure the payment of the money for which the note was given, when the same should become due, the respondent, Shuck, executed and delivered to complainant a mortgage for certain tracts of land.   The note is referred to in the mortgage, and therein set forth.   Both instruments are dated April 1, 1841.   The mortgage describes the lands conveyed, and the condition contained therein is, that if the sum of three hundred dollars, for which the note was given, should not be paid by Shuck, or his representative, at maturity, then the interest from that time, for the money so due, was to be at the rate of fifty per centum per annum, until paid.   The complainant being a non-resident, it was also made a condition in the mortgage, that if he should be absent from Wapello, where the note and mortgage were given, at the time of their maturity, a suitable person was to be by him authorized to receive the money on the day; and if he, the complainant, failed to be present there when the note fell due, and no other person ap-

Shuck *v.* Wight.

peared to receive the money; then, Shuck might tender the money to any individual in Wapello, and if he did so the interest should be stopped, and not again begin to run until a new demand should be made by complainant for the money. Shuck also bound himself to remove no timber from the land mortgaged. It is also averred in the bill that Shuck did not pay the money when due, and refused so to do at the time of the making of the complaint.

The bill also avers that complainant, with the knowledge of respondent, duly authorized and empowered John Drake of Wapello to receive the money, when the same should become due and payable, if he the said Wight at that time should be absent from that place. That no payment of the money, or tender thereof, had ever been made to the said Drake, or himself.

The prayer in the bill is for a decree that the money shall be paid to the complainant by the respondent, together with such a sum for interest thereon as by the court should be deemed just and proper; and that the equity of redemption of the premises mortgaged should be foreclosed, and an order for the sale of the land made, to satisfy the demand of the complainant.

To this bill of the complainant the defendant demurred, and the demurrer was properly overruled by the court below. The only cause of demurrer assigned, being, that the mortgage deed was void, and of no legal effect, for the reason that it was not properly acknowledged, executed, and delivered, as required by the statute.

As the record and proceedings now appear before us, there is nothing showing what defects were alleged by respondent, to maintain and make good his demurrer. However, having examined the mortgage, as to the acknowledgment and execution, we find no good reason on which to act, and induce us to disturb the action of the court below, by which the demurrer was overruled.

The demurrer being overruled, the answer of Shuck, the respondent, was filed. By the answer, the making and delivery

9

of the note and mortgage, as set forth in the bill, are admitted; but it alleges that the mortgage is not duly and legally executed. It also charges that the contract, upon which the note was given, and the money to be paid, is usurious, and also sets up fraud and circumvention in defence.

The replication of the complainant to the answer of the respondent, denies all its allegations.

The cause was tried in the district court, and a decree made for the payment of three hundred and forty-five dollars and fifty cents, with interest, at the rate of six per centum per annum, from the eleventh day of October, 1845, until paid; and for the sale of the land described in the mortgage, in satisfaction of the complainant's decree.

The only question now presented in this case, is one which has been heretofore settled, as far as principle is concerned, by the supreme court of the territory of Iowa, in proceedings at law.  In the case of *Fry* v. *Butler* and *Swan*, (not yet reported,) it has been decided, that under the statute regulating interest for money to be paid on contracts, where the contract calls for a greater amount of interest than that allowed by the act of the legislature; such contract is not absolutely void, but merely voidable as to the amount of interest contracted for, over and above that which is declared legal by the act.  This judgment of the supreme court is founded upon the principle, that the statute does not, in terms of absolute prohibition, forbid the making of the contract, and declare it void; but merely provides for the enforcement and infliction of a penalty for the taking and receiving of more interest than is declared by that act to be lawful.

This identical question has also been fully settled by the territorial supreme court of Iowa, in the case now at bar between these parties, in a former adjudication, by which the judgment of the district court of Louisa county was reversed, and a new trial awarded.  Upon the second hearing of the cause by that court, in accordance with the ruling of the supreme court, this decree has been entered; and it is to readjudicate the case that it has been again brought to this

tribunal. See the case in Morris, p. 425, where it was expressly decided, after a full examination of the material averments of the bill, and answer, with the exhibits, "That a note payable two years after date, to bear interest at fifty per cent. from due, until paid," is not usurious. 8 Bacon's Abt., 515, 516; Chitty on Con., p. 235.

The case on this, its second appearance in this court, was not argued by counsel, so as to bring before us any other question than the one here presented; and as we see nothing erroneous in the proceeding of the court below, the decree of the district court is affirmed with costs.